UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARY ANN RUANE,

                Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                  CV 12-1658 (DRH) (ETB)

        - against -

THE COUNTY OF SUFFOLK,

                Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**CAMPANELLI & ASSOCIATES, P.C.**
Attorney for Plaintiff
1757 Merrick Avenue, Suite 204
Merrick, NY 11556
By:    Andrew J. Campanelli, Esq.
         David Antwork, Esq.

**OFFICE OF THE SUFFOLK COUNTY ATTORNEY**
Attorneys for Defendant
100 Veterans Memorial Highway
Hauppauge, NY 11788
By:    Chris P. Termini, Esq.

**HURLEY, Senior District Judge:**

       Plaintiff Mary Ann Ruane ("plaintiff" or "Ruane") brings this action pursuant to 42 U.S.C. § 1983, alleging that the County of Suffolk ("defendant" or the "County") violated her procedural and substantive due process rights when it (1) provided her with an unconstitutional post-seizure hearing before non-neutral hearing officers, and (2) refused to release her vehicle to her until she executed a General Release notwithstanding a court order directing that it be released.  In addition, Ruane brings a claim for a declaratory judgment and injunctive relief in connection with the County's purportedly unlawful actions.

Presently before the Court are two motions. First, the County moves, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), to dismiss the Complaint on the grounds that plaintiff's claims are time-barred. Second, Ruane moves, pursuant to Rule 42(a), to consolidate this action with *Ferrari v. County of Suffolk*.[1] For the reasons set forth below, the defendant's motion to dismiss is GRANTED in part and DENIED in part and plaintiff's motion to consolidate is DENIED.

## BACKGROUND

The following facts are drawn from the allegations contained in Complaint, including the exhibits attached thereto,[2] and are presumed true for the purposes of this motion.

On December 1, 2007, plaintiff's boyfriend, Robert Kulmatycski ("Kulmatycski") operated plaintiff's 2002 Dodge Ram Truck without her consent or knowledge. (Compl. ¶¶ 8-9.) That same evening, Kulmatycski was arrested for driving while intoxicated ("DWI") and the County seized Ruane's vehicle pursuant to its DWI seizure program, codified at Suffolk County Code § 270. (*Id.* ¶¶ 10-11.) Pursuant to this program, the County seizes and retains possession of a vehicle incident to a DWI arrest and subjects that vehicle to civil forfeiture. (*Id.* ¶ 10.)

Plaintiff alleges that in order to retain possession of the vehicle, the County was obligated to show at a retention hearing: "(a) the validity and probable cause for the underlying arrest and seizure; (b) that the municipality is likely to succeed on the merits of a forfeiture action[;] and (c) that no means short of retention can protect the municipality's interests in the respective vehicle against destruction or sale during the pendency of a forfeiture proceeding."

---

[1] *Ferrari v. County of Suffolk* is currently pending before Judge Seybert under civil docket 10-cv-4218.

[2] The Court may properly rely on material attached to the complaint as exhibits when deciding the instant motion. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

(*Id.* ¶ 15.)  Notwithstanding these purported requirements, the hearing officers merely required the County to establish probable cause for the initial arrest.  (*Id.* ¶ 18.)  As for Ruane, her retention hearing occurred on December 17, 2007.  (*Id.* ¶ 20 & Ex. C.)  Consistent with the County's policy, the hearing officer "directed [the County] to retain the vehicle pending resolution of a forfeiture proceeding" based upon a finding that there was "probable cause for [the] stop and [the] arrest was shown by the evidence."  (*Id.* ¶¶ 20-22 & Ex. B.)

On August 2, 2010, the Suffolk County Supreme Court granted summary judgment in favor of plaintiff in connection with the civil forfeiture action, and ordered that the County release plaintiff's vehicle "forthwith." (*Id.* ¶ 24 & Ex. D.)  Upon obtaining the court order, Ruane requested that the Suffolk County Police Department release her vehicle.  (*Id.* ¶ 27.)  Notwithstanding the court order and plaintiff's request, the Suffolk County Police Department refused to release Ruane's vehicle, indicating that it needed written authorization from the County Attorney's Office first.  (*Id.* ¶¶ 28-29 &   Ex. E.)  The County Attorney's Office in turn would not authorize the return of plaintiff's vehicle without Ruane first signing a General Release, releasing the County from any and all liabilities.  (*Id.* ¶ 30.)  Since plaintiff did not sign a General Release, the County filed a Notice of Appeal of the court's August 2, 2010 decision.  (*Id.* ¶ 31 & Ex. F.)  On June 24, 2011, the County Attorney's Office withdrew the appeal and authorized the release of plaintiff's vehicle. (Compl. ¶ 32 & Ex. H.)  After the Suffolk County Police Department released the vehicle in July 2011, Ruane discovered that her vehicle had sustained approximately $5,700.00 in damages while in the County's possession.  (*Id.* ¶ 33.)  This Section 1983 action followed with plaintiff filing her Complaint on April 4, 2012.

## DISCUSSION

I. <u>**Motion to Dismiss**</u>

    A.     ***Legal Standards***

"A motion to dismiss on statute of limitations grounds is properly viewed as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Jowers v. Lakeside Family & Children's Svcs.*, 435 F. Supp. 2d 280, 283 (S.D.N.Y. 2006) (internal quotation marks omitted); *accord Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). Because there is no federal statute of limitations governing actions brought pursuant to Section 1983 actions, courts apply the forum state's general personal injury statute of limitations. *Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d Cir. 1994). In an action arising in New York pursuant to Section 1983, the applicable statute of limitations is "borrowed from New York's general statute of limitations for personal injury actions," which is three years. *Blankman v. Cnty. of Nassau*, 819 F. Supp. 198, 206 (E.D.N.Y. 1993) (citing *Gleason v. McBride*, 869 F.2d 688, 695 (2d Cir. 1989)); *see also Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) ("New York's three-year statute of limitations for unspecified personal injury actions, New York Civil Practice Law and Rules § 214(5), governs section 1983 actions in New York.") "The three-year limitations period applies regardless of whether Plaintiff seeks legal, equitable, or declaratory relief."[3] *Levine v. McCabe*, 357 F. Supp. 2d 608, 614 (E.D.N.Y. 2005). As for accrual, "[f]ederal law determines when a section 1983 cause of action accrues." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002). The Second Circuit has ruled that accrual occurs

---

[3]     It appears that it is the plaintiff's position that her declaratory judgment claim stands on separate footing than her other due process claims for statute of limitations purposes. However, "[t]he statute of limitations period for a declaratory judgment action is based on the underlying substantive claims upon which it is premised." *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 268-69 (S.D.N.Y. 2008) (citing cases). Ruane's declaratory judgment claim rests on the same unconstitutional practices that support her Section 1983 due process claims. Thus, all of Ruane's claims are treated the same for purposes of statute of limitations.

"when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of N.Y.*, 632 F.2d 185, 191 (2d Cir. 1980).

### B. Timeliness of Plaintiff's Section 1983 Claims

The County claims that since plaintiff's car was seized on December 1, 2007, this action was not filed within the applicable three-year statute of limitations.[4] Generally speaking, defendant is correct that "in the context of a section 1983 action alleging the wrongful deprivation of property, [ ] 'the violation of one's civil rights accrues when the property is seized.'" *Remigio v. Kelly*, 2005 WL 1950138 at *5 (S.D.N.Y. Aug. 12, 2005) (quoting *Johnson v. Cullen*, 925 F. Supp. 244, 249 (D. Del. 1996)). In this case, however, plaintiff's claims are not premised on the initial seizure of her vehicle. Instead, the purported constitutional violations occurred during the December 17, 2007 retention hearing and sometime in August 2010, when, in contravention of a court order, the County refused to release Ruane's vehicle unless she signed a General Release. Since Ruane could not have known of these purported constitutional violations until these events unfolded, the December 1, 2007 accrual date argued by defendants is not appropriate.

Nevertheless, applying the proper December 17, 2007 and August 2, 2010 accrual dates still result in certain claims being untimely. Plaintiff's claims arising out of the County's refusal to release her car until she signed a General Release were brought within the three-year statute of

---

[4]   The County also raises for the first time in their reply declaration that in the answer plaintiff filed in response to the County's state civil action for forfeiture, Ruane raised in her third affirmative defense the very issues in this case. (Termini Reply Decl. ¶ 8.) Therefore, defendants maintains that this action is precluded under the "doctrine of forum selection." (*Id.* ¶ 9.) As an initial matter, the defendant's attempt to raise an argument for the first time in a reply is improper. *See, e.g.*, *In re Dobbs*, 227 F. App'x 63, 64 (2d Cir. 2007); *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). And, in any event, the County's argument for the application of this proffered doctrine is unelaborated and unsupported by any citation.

5

limitations. Indeed, the County conceded this point when it argued that "any causes of action arising under § 1983 are timely only with regard to acts that took place after April 4, 2009." (Def.'s Mem. at 4.) However, for those claims arising out of the December 17, 2007 retention hearing to be timely, plaintiff had to initiate an action within three years. Since the present Complaint was filed on April 4, 2012, more than three-years after December 17, 2007, those claims of unlawful conduct arising out of the retention hearing would be time-barred.[5] Notwithstanding this fact, plaintiff claims that the continuing violation doctrine saves those claims which would otherwise be untimely.

### C. The Continuing Violation Doctrine

Pursuant to the continuing violation doctrine, "[w]here a plaintiff can demonstrate an ongoing or continuing violation of his federally protected rights, 'the plaintiff is entitled to bring suit challenging all conduct that was part of the violation, even conduct that occurred outside the limitations period.'" *Yip v. Bd. of Trs. of State Univ. of N.Y.*, 2004 WL 2202594, at *4 (W.D.N.Y. Sept. 29, 2004) (quoting *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir. 1994)). However, "courts of this circuit consistently have looked unfavorably on continuing violation arguments . . . and have applied the theory only under compelling circumstances." *Blankman v. Cnty. of Nassau*, 819 F. Supp. 198, 207 (E.D.N.Y. 1993) (internal quotation marks omitted). Compelling circumstances have been found "where the unlawful conduct takes place over a period of time, making it difficult to pinpoint the exact day the violation occurred; where there is

---

[5] Plaintiff maintains that she could not have known the full extent of her damages until the vehicle was released in July 2011, thus making her claims timely. This citation-free argument confuses the accrual date for the constitutional claims asserted with the damages sought in connection with such claims. It is noteworthy that plaintiff does not bring a claim grounded in state tort law where knowledge of the damage to her vehicle would trigger the accrual date for such a claim.

6

an express, openly espoused policy [that is] alleged to be discriminatory;[6] or where there is a pattern of covert conduct such that the plaintiff only belatedly recognizes its unlawfulness." *Yip*, 2004 WL 2202594, at *4 (internal quotation marks omitted). In addition, "the mere fact that wrongful acts may have a continuing impact is not sufficient to find a continuing violation." *Blankman*, 819 F. Supp. at 207; *see also Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) ("We have made it clear that a continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act."). Finally, the Second Circuit has made clear that "[c]haracterizing defendants' separate wrongful acts as having been committed in furtherance of a conspiracy or as 'a series of interlocking events' does not postpone accrual of claims based on individual wrongful acts." *Singleton*, 632 F.2d at 192.

Analogizing herself to the plaintiff in *Remigio*, Ruane argues that the continuing violation doctrine is applicable here. Specifically, Ruane claims that because she never received a constitutional post-seizure hearing, it is as if she never received a hearing at all. Therefore, like the plaintiff in *Remigio*, plaintiff asserts that everyday she went without a hearing was a violation of her constitutional rights. This contention is unpersuasive.

In *Remigio*, the plaintiff's constitutional injury included defendants' failure to provide a hearing allowing plaintiff to challenge the continued retention of his vehicle. 2005 WL 1950138, at *10. According to the court, "[e]ach day that the defendants failed to hold a hearing . . . was another instance of the defendants' continuing and incrementally increasing unlawful conduct." *Id.* at *10. Therefore, the court found that "each day's due process injury was similar to that of the day before and the day after, part of a continuous injury that was not simply a consequence of the initial seizure." *Id.* In this case, Ruane's constitutional claims based on the

---

[6] Since the continuing violation doctrine has been expanded to non-employment discrimination cases, courts look to whether the "policies were constitutionally infirm" instead of whether such policies were discriminatory. *Remigio*, 2005 WL 1950138, at *6.

7

purported unconstitutional post-seizure hearing is premised on a single event (*i.e.*, her December 17, 2007, retention hearing), the effects of which does not open the door to a continuing violation. *See id.* at *7 ("Cases thus draw an important distinction between continuing unlawful acts, and the continuing effects from an earlier unlawful act. The former circumstance may allow application of the continuing-violation doctrine, and the latter does not."); *Harris*, 186 F.3d at 250 (concluding that the continuing violation doctrine does not apply "merely because the claimant continues to feel the effects of a time-barred [unlawful] act.") As such, the fact that plaintiff received a retention hearing – albeit, a "sham" hearing – distinguishes it from *Remigio* and does not warrant the application of the continuing violation doctrine.

Similarly, plaintiff's allegations of unlawful conduct cannot be read to assert a singular ongoing County policy for purposes of applying the continuing violation doctrine. As previously discussed, the alleged unlawful conduct arises from two separate events: (1) the December 17, 2007 retention hearing; and (2) the County's refusal to release Ruane's vehicle until she signed a General Release in August 2010. The unlawful conduct associated with these events – namely, supposedly non-neutral hearing officers applying the wrong standard at retention hearings and the County Attorney's Office demanding vehicle owners to sign releases before a vehicle is released – are not based on any one policy. Finally, the fact that 33 other vehicle owners were subjected to the same "sham" hearing as Ruane, some of which were held within the last three-years, does not save plaintiff's untimely claims. While such facts provide evidence of a County policy for purposes of *Monell* liability, it does not demonstrate an ongoing violation of Ruane's federally protected rights.[7] *See Cornwell*, 23 F.3d at 703 (finding that the continuous practice

---

[7] The Court declines to consider the September 24, 2012 supplemental declaration in further opposition to the defendant's motion to dismiss. Not only is this declaration untimely, but it goes beyond what may be considered on a Rule 12(b)(6) motion to dismiss. *See DiFolco*, 622 F.3d at 111 ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to

and policy of discrimination by defendant must be experienced by the plaintiff); *Yip*, 2004 WL 2202594, at *4 (concluding that a plaintiff must "demonstrate an ongoing or continuing violation of his federally protected rights"). Since the continuing violation doctrine does not apply to plaintiff's claims arising out of the December 17, 2007 retention hearing, those claims are dismissed as untimely.

## II.    *Motion to Consolidate*

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). In deciding whether consolidation is appropriate, trial courts are vested with broad but not unfettered discretion. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). In exercising its discretion, "a district court should consider both equity and judicial economy." *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). For example, a court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Johnson*, 899 F.2d at 1285 (internal quotation marks and brackets omitted).

Plaintiff seeks to have the instant matter transferred to Judge Seybert and consolidated with the *Ferrari* matter. In support of consolidation, plaintiff maintains that both matters involve identical issues, namely "the automobile retention hearings conducted by defendant Suffolk County following DWI seizures which are patently unconstitutional as being violative of the Due Process clause and the standards set forth by the Second Circuit." (Pl.'s Mem. at 9.)

the complaint as exhibits, and documents incorporated by reference in the complaint.").

9

Even assuming the Court had the authority to transfer this case to Judge Seybert, based on the above findings, those claims which were premised on the retention hearing have been dismissed. Plaintiff's remaining claims, which are not alleged in the *Ferrari* matter, surround the County's policy of first obtaining a General Release before returning a seized vehicle. Moreover, judicial economy would not be served through consolidation as these two actions are at different stages of the litigation. While no discovery has been conducted in this action, discovery has been completed and there is a motion for summary judgment currently pending in the *Ferrari* matter. Because judicial economy would not be served by consolidation and the common issues between this matter and the *Ferrari* matter are no longer present, plaintiff's motion is denied.

## CONCLUSION

For the reasons set forth above, defendant's motion seeking dismissal of plaintiff's Complaint on timeliness grounds is GRANTED in part and DENIED in part, and plaintiff's motion to consolidate is DENIED. This action is respectfully referred to Magistrate Judge Boyle for discovery and pretrial supervision.

**SO ORDERED.**

Dated: Central Islip, New York
February 14, 2013

_____/s/_____
Denis R. Hurley
Unites States District Judge