UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
MARY ANN RUANE,

                Plaintiff,

   -against-

COUNTY OF SUFFOLK,

                Defendant.
----------------------------------------------------X

**MEMORANDUM & ORDER**

Civil Action No. 12-1658 (DRH)(GRB)

**APPEARANCES:**

**For Plaintiff:**
**CAMPANELLI & ASSOCIATES, P.C.**
1757 Merrick Ave., Suite 204
Merrick, NY 11566
By:   Andrew J. Campanelli, Esq.

**For Defendant:**
**DENNIS M. BROWN**
**Suffolk County Attorney**
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, NY 11788
By:   Christopher M. Gatto, Esq., Assist. County Attorney

**HURLEY, Senior District Judge:**

       Plaintiff Mary Ann Ruane ("Plaintiff" or "Ruane") commenced this action pursuant to 42 U.S.C. § 1983 alleging that Defendant County of Suffolk ("Defendant" or "County") violated her procedural and substantive due process rights when it (1) provided her with an unconstitutional post-seizure hearing before non-neutral hearing officers (the "Hearing Claim"), and (2) refused to release her vehicle until she executed a General Release notwithstanding a court order dismissing a forfeiture action by the County and directing that the vehicle be released (the "Release Claim").

By Order dated February 14, 2013, the Court dismissed the Hearing Claim as untimely. Presently before the Court is the County's motion for summary judgment on the Release Claim. For the reasons set forth below, the motion is granted.

## BACKGROUND

The following facts are undisputed unless otherwise noted.

### I. The Seizure and the Retention Hearing

On December 1, 2007, Ruane's 2002 Dodge Ram (the "Vehicle") was seized and impounded by the Suffolk County Police Department after the driver, Robert Kulmatyeski ("Kulmatyeski"), attempted to flee the police while intoxicated and crashed the vehicle at a dead end on a street in Babylon, New York. (DE 45 ¶ 3.) The vehicle was impounded for civil forfeiture under the County's DWI forfeiture law, as well as for evidence in the criminal action against Kulmatyeski. (*Id.*)

A post seizure retention hearing was held on December 17, 2007 after which the presiding magistrate directed the County to retain the vehicle pending the resolution of a forfeiture proceeding. (DE 43-1, ¶ 4.)

### II. The Forfeiture Litigation

On April 28, 2008, the County commenced a forfeiture proceeding for the Vehicle. Plaintiff duly answered the complaint and on January 29, 2009 moved for summary judgment. By Order and Judgment dated August 2, 2010 (the "August Judgment") the County was directed to release the Vehicle to Ruane forthwith. Notice of entry of the August Judgment was served on

the County on October 14, 2010.[1] (DE 43-1 ¶¶5-8.) By notice of appeal dated November 17, 2010, the County appealed the August Judgment. (*Id*.) The County's notice of appeal stayed "all proceedings to enforce the judgment or order appealed from," N.Y. CPLR § 5519(a)(1). Thereafter, the County sought an enlargement of the time to perfect its appeal. The motion was unopposed; the Appellate Division granted the motion. By letter dated June 24, 2011, the Notice of Appeal was withdrawn. (*Id.* ¶¶ 14-15.)

## III. Impound

According to Ruane, sometime between August 17 and August 30, 2010, she physically went down to the Impound and demanded release of her vehicle pursuant to the August Judgment. Ruane asserts that she was advised by the person at Impound that her vehicle would not be released to her unless she signed a general release. She "refused to sign the release, so they refused to release [her] car." (DE 48 ¶ 18.) Ruane states that she has seen a general release, prepared by the County and included in the record, with the year, make, and vehicle identification number for her Vehicle but does not recall if she saw it at the retention hearing or if it was the release Impound wanted her to sign. (DE 48 ¶¶ 29-31.) The release referred to by Ruane is dated 2007, the year the retention hearing was held. (*See* DE 47, Ex. E.)[2]

Impound has no record of a 2010 visit by Ruane. (DE 45 ¶ 6.) Impound records do

---

[1] Pursuant to N.Y. CPLR § 5513(a), the time to appeal as of right must be taken "within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry . . . ." In other words, the time to appeal does not begin to run until service of notice of entry accompanied by the relevant order and/or judgment.

[2] According to Assistant County Attorney Kelly Green, general releases would be prepared by the County Attorney's office in advance of, and brought to, retention hearings. (DE 47, Ex. B at pp. 59, 147.)

3

contain a note that the "owner" of the Vehicle called on April 19, 2011 and stated a judge ordered release of vehicle. The caller was "advised need DA & CTY Atty Release [;] gave him info to obtain releases." (DE 45 ¶ 6 & Ex. A.) According to the uncontroverted affidavit submitted by the County "Impound maintains seized vehicles until such time as it receives written authorization from the appropriate county agency to return the vehicles to its owner. Impound requires written authorization from the County Attorney's Office, if the vehicle is being held for civil forfeiture, and/or from the District Attorney's Office, if the vehicle is being held as evidence in the criminal case. Impound cannot release the vehicle to the owner upon presentation of a court order alone." (DE 45 ¶ 4.) Impound received authorizations to release the Vehicle to Ruane or her authorized agent from the offices of the County Attorney and the District Attorney on June 23, 2011 and June 27, 2011, respectively. (DE 45 ¶¶ 7-8.) On June 28, 2011, the Vehicle was released. (DE 45 ¶ 9.) Impound did not receive any instructions from either the County Attorney's Office or the District Attorney's Office to have Ruane execute any stipulation or general release prior to returning the vehicle. Impound's file for the Vehicle does not contain any general release form. (DE 45 ¶¶ 10-11.)

## DISCUSSION

### I.   Summary Judgment Standard

Summary judgment, pursuant to Rule 56, is appropriate only where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. SYS. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "[o]nly disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there is a genuine issue of material fact to be tried. *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (*quoting Anderson*, 477 U.S. at 252) (internal quotation marks omitted), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)) (internal quotation marks omitted), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted).

The district court considering a summary judgment motion must also be "mindful . . . of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing Anderson, 477 U.S. at 252), because the "evidentiary burdens that the respective parties will bear at trial guide district courts in their determination[s] of summary judgment motions." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). "[W]here

5

the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." Id. at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that his claim is not 'implausible.' " Id. at 211 (citing *Matsushita*, 475 U.S. at 587).

## II. Framework for Discussion

As set forth earlier, the only remaining causes of action are premised on the Release Claim, viz. that the County allegedly refused to release Ruane's Vehicle after the August Judgment until she executed a General Release, which refusal Ruane asserts is a violation of her substantive and procedural due process rights. Ruane's claims regarding the retention hearing have been dismissed as untimely. No claim has been asserted regarding the requirement that Impound receive written authorization from the County Attorney's Office and/or the District Attorneys to release the vehicle to its owner even if there is a court order directing its return.

## III. Summary of the Parties' Arguments

### A. Defendant's Arguments

Characterizing the alleged August 2010 statement that a general release was required before the Vehicle would be released as "random and unauthorized" conduct of a state official for which there were adequate post deprivation remedies available under state law, the County maintains that the procedural due process claim must be dismissed pursuant to *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908 (1981) and its progeny. The absence of an official custom or policy also precludes *Monell* liability. With respect the substantive due process claims, the

6

County argues that Ruane's property interest in the Vehicle fails to support such a claim.[3]

### B. Plaintiff's Retort

Plaintiff maintains that the record contains sufficient evidence that the County has instituted a policy and practice of retaining vehicles indefinitely, unless and until their owners sign general releases and that such evidence supports her procedural due process claim and municipal liability.

## IV. Background: Vehicle Seize Litigation

Although Ruane's Seizure Claim has been dismissed, is it useful, by way of background to discuss relevant caselaw regarding vehicle seizures and procedural due process.

In *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002 ("*Krimstock I*") I, the Second Circuit addressed a challenge to the constitutionality of New York City's Civil Administrative Code, N.Y.C.Code § 14-140, which permitted the City to seize motor vehicles following the arrests of drivers accused of driving while intoxicated or committing any other crimes for which vehicles could be used as instrumentalities of the crimes. *Krimstock I*, 306 F.3d at 43-44. Upon determining that the statute was constitutionally infirm because it permitted the City to retain a vehicle for months or even years after a warrantless seizure without providing a prompt hearing before neutral fact-finder, *id*. at 48, the Second Circuit ordered the City to provide the claimants with "a prompt post-seizure retention hearing, with adequate notice, for motor vehicles seized as instrumentalities of crime pursuant to N.Y.C.Code § 14-140(b)." *Id*. at 68-69. While refraining from dictating "a specific form for the prompt retention hearing," the Second Circuit held that,

---

[3] The County also asserts that the claim for declaratory and prospective injunctive relief must be dismissed for lack of standing. Given the Court's grant of summary judgment in favor of the County, it is unnecessary to address this argument.

"at a minimum, the hearing must enable claimants to test the probable validity of continued deprivation of their vehicles, including the City's probable cause for the initial warrantless seizure." *Id*. at 69. The Circuit stated that, if the City is unable to establish probable cause for the initial seizure, or provide post-seizure evidence to support the probable validity of continued deprivation, the vehicle must be released during the pendency of the civil and criminal proceedings. *Id.* The Circuit noted that "[w]hile initial seizure of a vehicle serves the constructive purpose of keeping an individual from driving in an inebriated condition, that purpose often loses its basis in urgency once the individual has regained sobriety." *Id*. at 66. Finally, the Second Circuit determined that due process is "satisfied by an initial testing of the merits of the City's case," and "the retention hearing will allow the court to consider whether less drastic measures than continued impoundment, such as a bond or restraining order, would protect the City's interest in the allegedly forfeitable vehicle during the pendency of the proceedings." *Krimstock I*, 306 F.3d at 70.

On remand, the district court "fashioned what is now known as a '*Krimstock* hearing.' " *Krimstock v. Kelly*, 506 F. Supp. 2d 249, 251 (S.D.N.Y. 2007). The '*Krimstock* hearing' requires the municipality

> to prove, by a preponderance of the evidence, that a) probable cause existed for the arrest of the vehicle's operator, b) it is likely the [municipality] would prevail in an action to forfeit the vehicle, and c) it is necessary that the vehicle remain impounded in order to ensure its availability in the eventual civil forfeiture action. The Second Circuit affirmed these procedures to the extent they governed vehicles seized as an "instrumentality of a crime."

*Id*. at 252 (citing *Jones v. Kelly*, 378 F.3d 198, 204 (2d Cir. 2004)). "A neutral magistrate must decide those issues by a statement of findings on the record, or by a written statement to be made

8

a matter of record." *Fasciana v. Cnty. of Suffolk*, 996 F. Supp. 2d 174, 179 (E.D.N.Y. 2014) (citations and internal quotation marks omitted). In addition, if the municipality cannot satisfy its burden on all three *Krimstock* elements, the municipality must release the vehicle. *Id*. (citations omitted).

The New York Court of Appeals also addressed this issue when considering the constitutionality of Nassau County's civil forfeiture statute. *Cnty. of Nassau v. Canavan*, 1 N.Y.3d 134, 137 (2003). The Court of Appeals concluded that "due process requires that a prompt post-seizure retention hearing before a neutral magistrate be afforded, with adequate notice, to all defendants whose cars are seized and held for possible forfeiture," and that, "[a]t such a hearing, the County must establish that probable cause existed for the defendant's initial warrantless arrest, that it is likely to succeed on the merits of the forfeiture action, and that retention is necessary to preserve the vehicle from destruction or sale during the pendency of the proceeding." *Id*. at 144-45 (footnote and citation omitted).

The standards established in the *Krimstock* line of cases and in *Canavan* have been addressed on several occasions by courts in this district in the context of challenges to the post-seizure retention hearing procedures employed by Defendant. *See*, e.g., *Fasciana*, 996 F. Supp. 2d 174; *Reyes v. Cnty. of Suffolk*, 995 F. Supp. 2d 215 (E.D.N.Y. 2014); *Mateo v. Cnty. of Suffolk*, 2014 WL 5425536 (E.D.N.Y. Oct. 23, 2014); *Ferrari v. Cnty. of Suffolk*, 2013 WL 4017022 (E.D.N.Y. Aug. 6, 2013) ("*Ferrari II*"); *Ferrari v. Cnty. of Suffolk*, 790 F. Supp. 2d 34 (E.D.N.Y. 2011) ("*Ferrari I*"); *Boyle v. Cnty. of Suffolk*, 2010 WL 4340627 (E.D.N.Y. Oct. 19, 2010). For example, in *Fasciana*, the court addressed whether a procedural due process claim was stated by allegations that Suffolk County "has maintained a practice under which, at the

9

conclusion of retention hearings in which the County *does not* satisfy the *Krimstock* three prong test, its hearing officers essentially order the County to retain continuing possession of seized vehicles *indefinitely*, unless and until each prospective owner signs a General Release in favor of the County." 996 F. Supp.2d at 181 (emphasis in original). Construing the essence of the procedural due process claim as asserting that "while the County and its hearing officers superficially comply with due process mandates, in practice such compliance is a sham," the court concluded that the allegations sufficiently state a claim for violation of procedural due process. *Id.* at 182. The *Fasciana* court rejected the argument that a procedural due process claim under §1983 was precluded because plaintiff did not avail himself of state procedural remedies, as "the deprivation here is allegedly systemic, and not random," *id.* at 183.

*Fasciano* addressed the requirement of a general release in cases where the County failed to sustain its burden under *Krimstock* at ***a retention hearing***. Neither *Fasciano* nor the other cases referenced above, address a challenge to the procedures employed by the County vis a vis ***forfeiture litigation***. Specifically, the cases do not address the separate question of whether the County has a policy or practice of requiring a general release from the vehicle owner when the forfeiture court has dismissed the forfeiture proceeding and ordered the vehicle returned to the owner - the central issue on this motion.

With this background in mind, the Court will address Ruane's procedural due process claim.

V. **Procedural Due Process**

    A. **Applicable Law**

The Due Process Clause does not protect against all deprivations of constitutionally

10

protected interests, rather it protects "only against deprivations without due process of law." *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S. Ct. 1908 (1981) (internal quotation marks omitted), *overruled in part on other grounds* by *Daniels v. Williams*, 474 U.S. 327, 330-331, 106 S. Ct. 662 (1986). "[I]t is necessary to ask what process the State has provided, and whether it was constitutionally adequate" in determining whether a constitutional violation has occurred. *Zinermon v. Burch*, 494 U.S. 113, 126, 110 S. Ct. 975 (1990).

"[I]n evaluating what process satisfies the Due Process Clause the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458 (2d Cir. 2006) (internal quotation marks omitted). A state will satisfy procedural due process requirements if it provides a meaningful post-deprivation remedy when the state conduct in question is "random and unauthorized." *Hellenic American Neighborhood Action Committee v. City of New York* ("*HANAC*"), 101 F.3d 877, 880 (2d Cir. 1996); *see Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984). If, however, "the deprivation is pursuant to established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing," *Rivera-Powell*, 470 F.3d at 465 (citing *HANAC*, 101 F.3d at 880; *Parratt*, 451 U.S. at 541)) and therefore " 'the availability of post-deprivation procedures will not, *ipso facto*, satisfy due process.' " *Id*. (quoting *HANAC*, 101 F.3d at 880).

The Court must therefore address whether there is evidence that the County had an established procedure requiring a general release from the vehicle owner before releasing a vehicle in cases where the forfeiture court ordered the vehicle returned to the owner.

11

B.  **Evidence of County Practice or Policy**

Ruane maintains that it is the County's policy to retain a vehicle indefinitely if the vehicle owner refuses to sign a general release even if the hearing officer at the retention hearing orders it be released to the owner or if "a judge orders the County to release it 'forthwith,' as occurred in the present case." (DE 49 at p.2). As any Hearing Claims have been dismissed,[4] on this motion for summary judgment the question is whether Ruane has submitted sufficient evidence to permit the trier of fact to conclude that the County has a policy or practice of requiring a general release in the forfeiture proceeding - as distinct from the post-deprivation *Krimstock* hearing - when a judge has ordered a vehicle's release.

As evidence of the County's custom and practice, Ruane proffers, in addition to her own experience, the testimony of Assistant County Attorney Kelly Green ("ACA Green") in *Ferrari v. County of Suffolk*, 10-cv-4218 (EDNY) (DE 47, Ex. B) and *Bailey v. Suffolk County Police Department*, HUSC-3910 (Third Dist. Court, County of Suffolk) (*Id.*, Ex. D). Ruane also points to template orders prepared by the County for signature by the post-retention hearing officer which contain a provision that the vehicle be released upon receipt by the County of a signed and notarized release (DE 47, Ex. F), on the record directions by these hearing officers to sign a general release as a condition precedent to release of a vehicle (DE 47, Exs. R, S, & T), the internet website maintained for the County's Impound (DE 47, Ex. U) and the note in the Impound file concerning the April 19, 2011 telephone call. Having thoroughly reviewed this evidence, the Court concludes that it is insufficient to permit a trier of fact to conclude that the

---

[4] The Court also notes that the hearing officer at Ruane's retention hearing did not order the Vehicle be returned to her and there is no allegation she was directed to sign a general release after the retention hearing.

12

County has a policy or practice of not releasing vehicles until a general release is signed in cases where a judge in the forfeiture proceeding has ordered the vehicle returned to its owner.

Taking the *Ferrari* transcript first, the transcript contains testimony that it is the County's policy that it will not release a vehicle without a signed general release even if a judge orders the release, and that ACA Green learned this as part of her training. (DE 47, Ex. B at pp. 58-60, 80-82). These statements, however, must be read in context. The particular pages of the *Ferrari* transcript cited, and indeed the entirety of the deposition, concern an inquiry into post-seizure retention hearings and orders to release issued by the presiding magistrate therein. (*See* DE 47, Ex. B.) There is not a *scintilla* of testimony concerning general releases vis a vis orders issued in forfeiture proceedings to release a vehicle. While the testimony in *Ferrari* is sufficient to demonstrate an established procedure requiring general releases in cases where the retention hearing magistrate orders the vehicle released, *cf. Fasciana,* 996 F. Supp.2d at 181-82,[5] it is insufficient to permit an inference of an established practice or policy of requiring a general release in the circumstance of this case, i.e., where the vehicle has been ordered returned in forfeiture actions.

Similarly, the testimony cited in the transcript of the court proceedings in *Bailey,* the template containing the requirement for a general release, and the on the record directions by hearing officers concern only the County's practice of requiring of a general release when the County does not sustain its burden under *Krimstock* at a ***post-retention hearing***. Again, it provides no support for inferring a policy requiring a general release when a ***forfeiture court***

---

[5] As set forth *supra*, the post retention hearing magistrate did not order the return of Ruane's vehicle.

orders the vehicle returned.

As presented to the Court, the website for the County's Impound contains the following:

> **When can I get my vehicle back?**
>
> We cannot return a seized vehicle without written authorization from the County Attorney's Office. Please follow all their instructions in the stipulation paperwork. If you delay returning the stipulation paperwork, you will delay the return of your vehicle.

(DE 47, Ex. U.)

Ruane asserts that "[t]he 'stipulation paperwork' includes the General Release which the County Attorneys both prepare and require every vehicle owner to sign, before the Office will direct the County Impound to release that owner's vehicle." (Pl.'s Mem. in Opp. (DE 49) at p. 5.) No evidence, however, is cited to support that assertion and the Court's review of the record fails to yield any support. It would be speculative to conclude that "stipulation paperwork" includes a signed general release.

Turning to the note in Impound's file regarding the April 19, 2011 telephone call, it states in relevant part, "advised need DA & CTY Atty Release [;] gave him info to obtain releases." (DE 47, Ex. Z.) Parenthetically, the Court notes that the "him" apparently refers to Plaintiff's boyfriend. (*See* Pl's Mem at 8.) On its face, this note refers to the policy whereby Impound will not release any vehicle to its owner unless it has written authorization from the County Attorney's office if the vehicle is being held for civil forfeiture and/or the District Attorney's office if it is being held as evidence in a criminal case and there is nothing in the record from the caller to suggest otherwise.

What is left is Ruane's recitation of what happened when she went to Impound in August

2010. This one incidence of a general release having been requested is insufficient to support her claim of a policy or practice requiring a general release when the vehicle has been ordered returned by the forfeiture court. *Cf. Worrell v. City of New York*, 2014 WL 1224257, *12 (E.D.N.Y. Mar. 24, 2014) (plaintiff's own single instance is insufficient to support a claim of a municipal practice); *Liang v. City of New York*, 2013 WL 5366394, at *16 (E.D.N.Y. Sept. 24, 2013) (dismissing municipal liability claim where allegation of practice or custom are factually supported only by pleader's own experience). Rather, the lack of evidence of a policy or practice concerning general releases when a ***forfeiture court*** orders the vehicle returned compels the conclusion that this was a "random, unauthorized" act. Moreover, Ruane's inability to identify the individual at Impound who told her she needed to sign a general release precludes a finding that "the government actor in question is a high-ranking official with 'final authority over significant matters.' " *DiBlasio v. Novello*, 344 F.3d 292, 302-03 (2d Cir. 2003), *cert. denied*, 541 U.S. 988 (2004) (quoting *Burtnieks v. City of New York*, 716 F.2d 982, 988 (2d Cir. 1983) ("categorizing acts of high-level officials as 'random and unauthorized" makes little sense because the state acts through its high-level officials").

Having concluded that Ruane has failed to submit sufficient evidence to permit a finder of fact to conclude that the County had a policy or practice of requiring a vehicle owner to sign a general release before releasing the vehicle in cases where a forfeiture court has ordered a vehicle released, her procedural due process claim can survive only if there was a lack of adequate post-deprivation procedures.

In this case there was at least one adequate post-deprivation procedures available to Ruane.

The Second Circuit has held "on numerous occasions that an Article 78 proceeding is a perfectly adequate post[-]deprivation remedy" as it is an "amalgam of the common law writs of certiorari to review, mandamus, and prohibition" and allows for the submission of affidavits and other written proof and for a trial of disputed issues of fact. *HANAC*, 101 F.3d at 881; *see Chepilko v. City of New York*, 2012 WL 398700, *11 (E.D.N.Y. Feb. 06, 2012) (Article 78 proceeding is an adequate post-deprivation remedy if property is taken by the police and not returned voluntarily).[6] Given the availability of an adequate post-deprivation remedy, Ruane's procedural due process claim fails.

The County's motion for summary judgment on the procedural due process claim is granted.

## Vi. Substantive Due Process

"Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is 'incorrect or ill-advised.' " *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995) (quoting *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994)); *accord Reyes*, 995 F. Supp. 2d at 230. The "[s]ubstantive due process analysis must begin with a careful description of the asserted right, for the doctrine of judicial self-restraint requires [the court] to exercise the utmost care whenever [the court is] asked to break new ground in this field." *Reno v. Flores*, 507 U.S. 292, 302 (1993) (citations and internal quotation marks omitted). "Recognized fundamental

---

[6] Because *Parratt* and its progeny "emphasize that there is no constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of [] property," *HANAC*, 101 F.3d at 882, the issue of *Monell* liability is moot.

16

rights include those created by the Constitution, most rights enumerated in the Bill of Rights, and certain unenumerated rights, such as the right to privacy." *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1347 (S.D.Fla. 1998). In addition, liberty interests, such as "the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience," are also protected by substantive due process. *Id*. (citing *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923)). Here, however, " 'Plaintiff's property interest in [her] vehicle is not the type of fundamental right subject to substantive due process protections.' " *Reyes*, 995 F. Supp. 2d at 230 (quoting *Ferrari II*, 2013 WL 4017022, at *9). Accordingly, Ruane's substantive due process claim is dismissed.[7]

## CONCLUSION

For the foregoing reason, Defendant's motion for summary judgment is granted. The Clerk of Court is respectfully requested to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
      May 13, 2015

                                                                                 /s/
                                                       Denis R. Hurley
                                                       Unites States District Judge

---

[7] Alternatively, the substantive due process claim is dismissed as abandoned given that Ruane does not address this aspect of the County's motion for summary judgment. *See McCalla v. SUNY Downstate Med. Ctr.*, 2006 WL 1662635, at *9 n.8 (E.D.N.Y. June 8, 2006) ("Plaintiff failed to oppose defendants' motions to dismiss plaintiff's defamation claim, and for this reason alone, dismissal is warranted." (citing *Blouin ex rel. Estate of Pouliot*, 356 F.3d 348, 363 n.9 (2d Cir. 2004); *Lipton v. Cnty. of Orange, NY*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004); *Arbercheski v. Oracle Corp.*, 2005 WL 2290206, at *3 (S.D.N.Y. Sept. 19, 2005); Local Civ. Rule 7.1.)).